IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW MAURICE DAY JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-2907 |
| | : | |
| CITY OF PHILADELPHIA, *et al*., | : | |
| Defendants. | : | |

<u>MEMORANDUM</u>

**Judge Juan R. Sánchez**                                                                 **July 14, 2026**

Matthew Maurice Day Jr. filed this *pro se* civil action against Defendants City of

Philadelphia, Calvin Broadus, and Sean Carter.[1]  Day seeks leave to proceed *in forma pauperis*.

For the following reasons, the Court will grant leave to proceed *in forma pauperis* and dismiss

the Complaint.

**I.      FACTUAL ALLEGATIONS[2]**

Day's allegations are relatively brief but very difficult to understand.  In the Basis for

Jurisdiction section of the form complaint he used, he checks the boxes for both federal question

---

[1]      The Court infers, based on the context of the Amended Complaint and the separately filed exhibits, that in naming Calvis Broadus and Sean Carter, Day is referring to the rappers Snoop Dogg and Jay-Z.

[2]      After filing an initial Complaint (ECF No. 5), Day then filed an Amended Complaint (ECF No. 6), followed by a Second Amended Complaint (ECF No. 18, "SAC").  Day's SAC thus became the governing pleading in this case.  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)).  The factual allegations set forth in this Memorandum are taken from the SAC.  The Court adopts the sequential pagination assigned by the CM/ECF docketing system.  The Court notes that after filing his Amended Complaint, Day filed ten separate one-page exhibits.  (ECF Nos. 7-16.)

and diversity jurisdiction.  (Compl. at 3.)  He indicates that the federal law giving rise to his claims is "U.S.C. 28 s-455" and adds, "A Prohibited Personnel Practice cognitive bias along litigation harassment."[3]  (*Id.*)  Day states that the events giving rise to his claims occurred in October 2024.  (SAC at 4.)  In response to the prompt in the form complaint he used asking, "What happened to you?" Day alleges, "I am used for profiling and financial scam an[d] business practice violation to Meta Standard an[d] FTC rules a violation of the U.S.C. 18 amendment of U.S. Constitution first an[d] eighth an[d] nin[th] amendment." (*Id.*)  In response to the prompt asking, "Who did what?" Day asserts, "I am used to support a deceptive business practice around involvement with black enterprise an[d] Phila Artist belonging to Sean Carter and Calvin Broadus in a promotion of business practice on Social Media deceptive practice[.]"  In response to the prompt asking, "Was anyone else involved?" Day alleges:

> Yes[,] the City of Phila an[d] this Federal Court building around a cognitive bias an[d] prohibited personnel practice of discrimination on social involvement an[d] provocation harassed outside litigation to abuse, retaliation and threats surrounding involvement of this Federal court and local judicial authority (rendering) (targeting a Citizen outside the case diversity of citizenship rule[.]

(*Id.*)  In response to the prompt asking, "Who else saw what happened?" Day asserts, "I am being rendered outside to public Activity by both defendants." (*Id.*)  In the Injuries section of the form complaint, Day writes, "I am a rap artist an[d] YouTube artist[.]  I am on Spotify an[d] Apple music.  Do [sic] to confrontation an[d] dispute along guilt by the defendants I am chased by vehicles[.]  I have a bad lung an[d] spine or spinal shorosis [sic]." (*Id.* at 5.)  Day seeks monetary damages.  (*Id.*)

---

[3]    It is unclear what Day means by this additional verbiage.  He appears to be referencing 28 U.S.C. § 455, which provides for the disqualification of a federal judge under various circumstances.  The statute has no obvious applicability to the facts of this case, to the extent the Court can discern them.

## II.     STANDARD OF REVIEW

The Court grants Day leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  When allowing a plaintiff to proceed *in forma pauperis*, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires dismissal if the Complaint fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  The Court construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants."  *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

3

A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) (quoting Fed. R. Civ. P. 8(d)(1) (stating that "[e]ach averment must be 'simple, concise, and direct.'"). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Gowans v. Axsom,* No. 25-2070, 2025 WL 2848907, at *1 (3d Cir. Oct. 8, 2025) ("'Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests.'" (quoting *Garrett*, 938 F.3d at 92)). In other words, a complaint must contain sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Testa v. Internal Revenue Serv.,* No. 22-3382, 2023 WL 8271966, at *1 (3d Cir. Nov. 30, 2023) (quoting Fed. R. Civ. P. 8(d)(1) (internal quotations and citations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint

4

is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.    DISCUSSION

Day may not proceed with his claims as alleged because they are so confused, disjointed, and unclear that neither the Court nor any Defendant could be expected to understand their nature or the factual basis underlying each claim.  The Federal Rules of Civil Procedure state that "[a] civil action is commenced by filing a complaint with the court," which must contain a caption that includes the name of each party, must state its claims in numbered paragraphs, and must state a short and plain statement of the grounds for the court's jurisdiction and the factual basis for each claim, as well as a demand for the relief sought.  Fed. R. Civ. P. 3, 8, and 10.  The SAC must articulate what actions each defendant took that give rise to Day's claims, setting forth the facts in a manner that is not ambiguous or confusing.  *Garrett*, 938 F.3d at 93.  Day's SAC and separately attached exhibits fail to clearly articulate a narrative of events explaining the factual or legal basis for any claims; moreover, piecemeal filing is not an acceptable manner of pleading a claim in federal court.  *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)).  Rather, a plaintiff must articulate in narrative form the facts giving rise to the claims that he intends to pursue.  *See Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) ("A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the

plaintiff's claim." (internal quotations and citations omitted)).  Even under a liberal construction of Day's SAC, the Court is unable to discern what type of claims he seeks to raise, against whom he brings each claim, and what each defendant is alleged to have done to violate his rights.

In sum, Day's SAC does not comply with Rule 8(d)(1)'s directive that pleadings be "simple, concise, and direct" or Rule 8(a)'s requirement that the pleadings contain a "short and plain statement" of the grounds for relief.  Because no defendant could respond on the merits to the SAC, it must be dismissed.  *See Gowans,* 2025 WL 2848907, at *1 ("The District Court did not abuse its discretion when it dismissed Gowan's [sic] second amended complaint under Rule 8, as it was so vague that it did not provide 'notice of what the claim is and the grounds upon which it rests.'" (quoting *Garrett*, 938 F.3d at 92)); *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Day leave to proceed *in forma pauperis* and dismiss the SAC for failure to comply with the Federal Rules of Civil Procedure and failure to state a claim under 28 U.S.C. 1915(e)(2)(B)(ii).  However, mindful of Day's *pro se* status, the Court will grant Day leave to file a third amended complaint to explain the "who, what, where, when and why of [his] claim."  *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (internal quotation marks omitted).  If Day seeks to proceed with his case against the Defendants, he is reminded that he must file <u>one comprehensive third amended complaint</u> containing a coherent articulation of facts set forth in

6

numbered paragraphs explaining what each Defendant did or did not do that allegedly caused his injury, and an organized list of claims he intends to bring based on those events.

An Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, J.**